**In re LIFESTYLE 80'S INC., Debtor.**

**Bankruptcy No. 91–32505.**

United States Bankruptcy Court,
D. New Jersey.

Sept. 28, 1995.

Maureen E. Montague, Lowenstein, Sandler, Kohl, Fisher & Boylan, Raritan, New Jersey, for Somerset Capital, L.L.C.

Richard L. Tice, Large, Scammell & Danziger, Flemington, New Jersey, for Mannon Excavating, Inc.

### *MEMORANDUM OPINION*

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on whether Mannon Excavating, Inc. (hereinafter "Mannon") has transferred its claim to Somerset Capital, L.L.C. (hereinafter "Somerset") by

accepting the check offered by Somerset. After Somerset filed a Notice of Transfer of Claim, Mannon objected on the grounds that the check made out to Mannon and deposited by Mannon was mistakenly believed to be partial payment of the Mannon claim. This court has subject matter jurisdiction under 28 U.S.C. sections 1334(b), 151 and 157(a). This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (B) and (O). For the reasons below, the objections are overruled and the application reflected in the Notice to Transfer is granted. This shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

This case was commenced by the filing on May 2, 1991 of a voluntary petition for relief under chapter 11 of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"). Debtor Lifestyle 80's Inc. (hereinafter "Lifestyle") submitted a Second Amended Plan of Reorganization which was confirmed by order of the Bankruptcy Court on March 24, 1993. According to the Plan, the unsecured creditors could not anticipate payment for several years following the approval of the Plan.

In January of 1995, Somerset solicited the transfer of a number of claims of unsecured creditors of Lifestyle (hereinafter "Transferors"). Among the twenty-nine (29) creditors who transferred their claims to Somerset by accepting the checks offered, Somerset solicited the transfer of Mannon's claim totaling $34,549.03. Somerset's solicitation letter was accompanied by a check for $2,303.03.

On or about August 2, 1995, the Clerk of the Bankruptcy Court served notices upon the Transferors pursuant to Fed.R.Bankr.P. 3001(e), advising them of their opportunity to file any objections to the transfer. Mannon filed an Affidavit in Opposition to Transfer of the Mannon Claim in which the affiant, an employee of Mannon, states that she thought the check from Somerset was a partial payment of a portion of the money owed by Lifestyle to Mannon, and thus did not constitute acceptance of Somerset's offer to purchase Mannon's claim. It is Somerset's position that Mannon's lack of reasonable care in depositing the check without reading or heeding the solicitation letter or restrictive endorsement does not relieve Mannon of its contractual obligations.

## CONCLUSIONS OF LAW

### I. *Transfer of Claims*

■ Neither the Bankruptcy Code nor the Bankruptcy Rules address the solicitation of claims. Rule 3001(e) governs the transfer of claims and provides for specific filing and notice requirements when transfers occur:

> (2).... If a claim ... has been transferred ... evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice.... If the alleged transferor files a timely objection and the court finds, after notice and a hearing that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor....

This rule was designed to reduce litigation over the transfer of claims and to limit the court's role to adjudication of disputes regarding transfers of claims. In the absence of a timely objection by the alleged transferor, the clerk may note the transfer without the need for court approval. Fed.R.Bankr.P. 3001(e)(2) advisory committee's note (1991). However, once a timely objection is filed, it becomes the court's role, as it is here, to determine whether a transfer has been made that is enforceable under nonbankruptcy law. *Id.*

### II. *Enforcement of a Contract*

■ Under general principles of contract law, rescission is an equitable remedy and is only available in limited circumstances. *Hilton Hotels Corp. v. Piper Co.*, 214 N.J.Super. 328, 336, 519 A.2d 368 (Ch.Div.1986). "Ordinarily, contracts may only be rescinded where there is original invalidity, fraud, failure of consideration or a material breach." *Notch View Assoc. v. Smith*, 260 N.J.Super. 190, 197, 615 A.2d 676 (Law Div.1992) (citations omitted). In the case at bar, Mannon

does not argue any of the foregoing, but rather argues that one of its employees was mistaken in depositing the check, in that she neglected to pay attention to the endorsement on the back of the check before depositing it in the bank.

The question becomes, then, whether Mannon is to be relieved in equity from the obligations of its contract. The sole ground asserted for relief is Mannon's unilateral mistake in the depositing of the check. There are a few general rules of contracts the court must examine before determining whether Mannon can be relieved from its mistake.

■■■ First, " 'a unilateral mistake of fact, unknown to the other party, is not ordinarily grounds for avoidance or rescission.' " *Cataldo Constr. Co. v. County of Essex*, 110 N.J.Super. 414, 418, 265 A.2d 842 (Ch.Div. 1970) (quoting *New York Sash, etc., Inc. v. Nat'l House, etc., Inc.*, 131 N.J.L. 466, 36 A.2d 891 (N.J.Err. & App.1944); 17 C.J.S. *Contracts* § 143)). Second, in the absence of fraud, "one who does not choose to read a contract before signing it cannot later relieve himself of its burdens." *Moreira Constr. Co., Inc. v. Moretrench Corp.*, 97 N.J.Super. 391, 394, 235 A.2d 211 (App.Div.1967), *aff'd*, 51 N.J. 405, 241 A.2d 236 (1968) (citation omitted). Third, in a somewhat analogous situation,

> where a check bearing a notation that it is offered in full settlement of a disputed claim is delivered to a creditor, who then retains the check and makes use thereof, an accord and satisfaction may be found.... The tender having been made upon the condition that it be accepted in full satisfaction or not at all, the creditor is deemed to have accepted the condition by depositing the check for collection.

*Loizeaux Builders Supply Co. v. Ludwig*, 144 N.J.Super. 556, 564, 366 A.2d 721 (Law Div.1976) (citations omitted).

On January 9, 1995, Somerset Capital offered to purchase Mannon's unsecured claim against Lifestyle. Mannon deposited a check which bore the following specific endorsement:

> [e]ndorsement of this check makes a final and unconditional transfer by assignment of our claim against Lifestyle 80's, Inc. to Somerset Capital, L.L.C.—Mannon Excavating.

The solicitation letter accompanying the check stated that Mannon's claim was in the amount of $34,549.03 and that the claim was listed in Class 8 and 9 in the Second Amended Plan of Reorganization. The letter enclosed a copy of page 9 of the Plan setting forth the rights of creditors in Class 8 and 9 and advised Mannon that if it wished to receive a copy of the Plan, the Disclosure Statement confirming the Plan and the Order, Somerset would provide same. The letter offered to purchase Mannon's unsecured claim for the sum of $2,303.03 as set forth on the enclosed check and further advised that in the event Mannon cashed the enclosed check, it would be deemed to have assigned its claim to Somerset. The letter stated in clear, underlined type that "IN THE EVENT YOU DO NOT WISH TO SELL YOUR CLAIM, DO NOT CASH THE ENCLOSED CHECK."

The language of the solicitation letter is clear. Mannon does not make any argument that Somerset defrauded it or misrepresented the transaction in any manner. Mannon does not argue invalidity, failure of consideration or material breach of the contract in seeking rescission. Mannon merely states that it was mistaken and "paid no attention to the endorsement."

Viewing the circumstances surrounding the transfer and applying the foregoing principles of contract law in determining the enforceability of this transfer, this court must overrule Mannon's objection to the Notice to Transfer. Mannon is presumed to have read the terms of the offer before endorsing and depositing Somerset's check. A mistake of fact caused by a failure to exercise reasonable care in its business dealings does not entitle Mannon to relief from its contractual obligations. *Cataldo, supra.*

## CONCLUSION

For the foregoing reasons, this court shall enter an Order Substituting Somerset Capital for the Transferors. Somerset shall sub-

mit such an order within seven days under D.N.J.Bankr.Ct.R. 4(c).